Asphalt Industries, Inc. v. Commissioner.
Asphalt Industries, Inc. v. Commissioner
Docket No. 1379-63.
United States Tax Court
T.C. Memo 1968-155; 1968 Tax Ct. Memo LEXIS 142; 27 T.C.M. (CCH) 762; T.C.M. (RIA) 68155; July 23, 1968. Filed Robert M. Taylor, for the petitioner. Eugene F. Colella, for the respondent. RAUM
Memorandum Opinion RAUM, Judge: The parties are in disagreement as to the decision now to be entered upon the reversal of our earlier decision, 46 T.C. 622, by the Court of Appeals for the Third Circuit, 384 F. 2d 229. This case involves deficiencies in petitioner's income tax for its fiscal years ending February 28 or 29, 1955 through 1960, plus additions to tax for fraud in respect of each of those years. The three-year statute of limitations had already run as to the fiscal years 1955-1959 when the Commissioner sent his deficiency notice; accordingly, unless fraud was established, the years 1955-1959 would be barred, and the addition *143 for fraud could not stand as to any of the years, including the year 1960, which was not barred. We found the requisite fraud, but our decision in this respect was reversed by the Court of Appeals. The Commissioner agrees, therefore, that there can be no deficiencies or additions to tax for the years 1955-1959 and further that the addition to tax for fraud must be eliminated for 1960. But he insists that the basic deficiency for 1960, in the amount of $13,819.39, still remains even under the decision of the Court of Appeals. The petitioner, on the other hand, contends that even the basic deficiency for 1960 was erased by the Court of Appeals. We hold that the Commissioner is correct. It will be recalled that during each of the years 1955-1960, Anderson, petitioner's president, diverted to his own use the proceeds of certain checks which had been delivered to the corporation by certain of its customers, and that the income reflected in those checks was omitted from petitioner's returns. Petitioner did not dispute, and the Court of Appeals expressly ruled, that these checks did in fact represent unreported taxable income of the corporation. Petitioner contended in the alternative, *144 however, (1) that it was entitled to a theft loss deduction in respect of each of the years which would offset the unreported income, and (2) that there was absent the fraud reouired to lift the bar of the statute of limitations or to justify the additions to tax for fraud. We held, first, that the deduction for the theft loss was not available for any of these years because, under section 165(e) of the 1954 Code, it is allowable only in the year in which the taxpayer discovers such loss, and discovery occurred after the tax years; and second, that Anderson's fraud, which had clearly been established, must be attributed to the corporation, with the result that such fraud not only prevented the running of the statute of limitations but also furnished the basis for the additions to tax. The Court of Appeals, although briefly commenting upon the theft loss point, made 763 clear that it was not passing upon this issue, 384 F. 2d at 233. However, it did decide that Anderson's fraud was not to be attributed to the corporation in the circumstances of this case. It concluded its opinion as follows (384 F. 2d at 235): We hold that the corporation is not chargeable *145 with Anderson's fraud and that the assessments for fraud therefore must be set aside. The decision of the Tax Court will be reversed. (Emphasis added.) In our view, the consequence of the action of the Court of Appeals is that there cannot be any deficiencies or additions for fraud for the years 1955-1959, and that as to 1960, which is not barred by limitations, the addition for fraud must be eliminated but the basic deficiency remains. As to 1960, the unreported proceeds of the checks in question were plainly income to the corporation, as held by the Court of Appeals, and we adhere to our prior conclusion, not disturbed by the Court of Appeals, that there was no offsetting deduction for theft loss in that year. Indeed, the very theory of the Court of Appeals in reversing our decision as to fraud reinforces our conclusion in this respect. For, section 165(e) of the 1954 Code provides that a theft loss is deductible only in the year in which the loss is discovered, and, pursuant to the decision of the Court of Appeals, Anderson's fraud was not attributable to petitioner. Accordingly, the discovery contemplated by the statute occurred in the following fiscal year when Anderson *146 died, not in fiscal 1960 when only Anderson and his accomplice Sanford had knowledge of the theft loss. For present purposes, the question is not whether the loss is deductible, but when. Petitioner will have the benefit of that loss in a later year, if it is otherwise deductible. [1] The opinion and mandate of the Court of Appeals does not require a different result. Petitioner relies upon a sentence in the opinion of the Court of Appeals relating to the claimed theft loss deduction which is taken out of context and which reads as follows (384 F. 2d at 233): If Anderson's knowledge was the knowledge of the corporation, *147 then his thefts were within its knowledge when they occurred and were deductible in the year of the fraud and so cancelled the assessment for underpayments and for the fraud penalties based on the underpayments. Apart from the fact that this was merely a restatement of petitioner's argument in the Court of Appeals, petitioner ignores not only that it is based upon a hypothesis (the attribution of Anderson's knowledge to the corporation itself) which becomes highly dubious in view of the Court's conclusion that Anderson's fraud is not to be attributed to the corporation, but also that the Court made clear that it was not deciding the theft loss issue. Although it is true that the Court did indicate some sympathy towards that point, we can see no escape from the clear provisions of the statute, [2] and we do not read the opinion of the Court as foreclosing the issue. *148 Petitioner makes much of the fact that the Court of Appeals denied the Commissioner's petition for rehearing in which, among other things, the Government pointed out that the Court's opinion was ambiguous as to fiscal 1960, and suggested that the matter be clarified so as "to reflect the essential holding of the Court with respect to the year ended February 29, 1960." We cannot find that the Court's denial of the petition for rehearing represents any adjudication disapproving the basic deficiency for fiscal 1960. If it were intended as such it would be inconsistent 764 with a fair reading of the Court's original opinion, and we find it difficult to believe that the Court would do any such thing without a supplementary explanatory opinion. The more reasonable interpretation of the Court's action is that it did not think that its opinion was ambiguous in respect of fiscal 1960 and that further elaboration was therefore not required. Decision will be entered in accordance with this opinion. Footnotes
1. There could be serious question whether the deduction is available at all if petitioner had a valid claim for reimbursement against Anderson's estate and if the estate were solvent. The burden in this respect would be upon the petitioner, and we note that as of the time of the trial of this case, petitioner had filed a claim against the estate which was still pending. However, we did not pass upon this point in our original opinion and we do not pass upon it now. Certainly, the Court of Appeals did not adjudicate this issue in its opinion.↩
2. Nor do we find anything in the legislative history that would impart to the word "discovers" any meaning other than its normal and usual one. Otherwise, petitioner would have been required to take the theft loss deduction only in the year 1960 notwithstanding that it was in fact unaware of the loss at that time, assuming of course, as held by the Court of Appeals, that Anderson's knowledge was not to be imputed to the petitioner. Such result would not only be unsupported by the legislative history but would be contrary to the very objective that Congress sought to achieve. It is very easy to imagine a situation like the present case in which the theft loss might be discovered only after the statute of limitations had run on obtaining relief for the year in which the theft occurred, and one can hardly attribute to Congress a purpose to deny the deduction for the later year when an officer of the corporation, other than the wrongdoer or his accomplice, first knew of the loss. Indeed the very purpose of the statute was to allow the deduction for the later year.↩